OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Cuyahoga County Bar Association v. Jaynes.
[Cite as Cuyahoga Cty. Bar Assn. v. Jaynes (1993),    Ohio St. 3d    .]
Attorneys at law -- Misconduct -- Indefinite suspension -- Suspension to commence from August 1, 1990, the date of a previous indefinite suspension arising from misconduct during the subject period of time -- Neglect of an entrusted legal matter -- Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation -- Failure to seek the lawful objectives of client -- Failure to carry out contract of employment -- Refusal to assist in disciplinary investigation.
(No. 92-2163 -- Submitted January 6, 1993 -- Decided May 19, 1993.)
On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 92-17.

This disciplinary action is before the court on a two-count complaint filed by relator, Cuyahoga County Bar Association, on February 19, 1992, against respondent, Thomas L. Jaynes, last known residence in Northfield, Ohio, Attorney Registration No. 0024441, alleging numerous violations of the Code of Professional Responsibility.

Relator filed a motion for default on July 6, 1992. The motion was filed as a result of the failure of respondent to respond in any manner to the complaint filed against him. On July 24, 1992, a hearing was held by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"). Respondent failed to appear.

In regard to Count I, in 1986, Kimberly A. Berry retained respondent to pursue a legal matter concerning alleged improper automobile repairs. Berry paid respondent $150. She attempted to communicate with respondent during the years 1986, 1987 and 1988, but he never responded and never pursued any legal action on her behalf. Respondent was charged with violations of DR 6-101(A)(3) (neglect of a legal matter entrusted) and former Gov. Bar R. V(5)(a), now Gov. Bar R. V(4)(G) (refusal to assist in disciplinary investigation).

In regard to Count II, in 1987, Charles Sago retained

respondent to seek an annulment of Sago's marriage. Respondent later advised Sago that he had filed annulment papers with the court. As a result of his retaining another attorney, Sago discovered that respondent had never filed any papers on Sago's behalf. Sago was unsuccessful in his attempts to receive return of his monies from respondent.

Respondent was charged with violations of DR 1-102(A)(4) (misconduct by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation); 6-101(A)(3) (neglect of a legal matter entrusted to him); 7-101(A)(1) (failure to seek the lawful objectives of his client); and 7-101(A)(2) (failure to carry out a contract of employment entered into with a client for professional services).

Concerning both counts, numerous attempts were made by relator to allow respondent to reply to the charges against him and to attend the investigatory hearings. Respondent failed to respond. No answer was filed to the formal complaint filed with the board against respondent, nor was a motion for an extension of time to file an answer ever filed.

The panel of the board found that relator had met its burden under Gov. Bar R. V(6)(F)(2) and granted the relator's motion for default. The panel found respondent in violation of the aforementioned Disciplinary Rules.

Because respondent failed to appear before the panel, no mitigation was offered into evidence. Respondent has been under an indefinite suspension since August 1, 1990. See Akron Bar Assn. v. Jaynes (1990), 53 Ohio St.3d 9, 557 N.E.2d 1204, case No. 90-402.

The panel noted that the misconduct charged in this complaint occurred during the same period of time as that charged in his previous indefinite suspension and that if the charges herein had been brought at that time, they would have been incorporated into those that resulted in his indefinite suspension. Accordingly, the panel recommended that respondent be indefinitely suspended from the practice of law and that the suspension be ordered to commence from August 1, 1990, the date of the indefinite suspension in case No. 90-402. The board adopted the findings of fact and the recommendation of the panel.

Martha H. Krebs, Lester S. Potash and C. Terrence Kapp, for relator.

Per Curiam. We concur in the findings of fact, conclusions of law, and recommendation of the the board. In this case, the respondent is hereby indefinitely suspended from the practice of law in Ohio commencing from August 1, 1990. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.